414 A.2d 704

The DRUG HOUSE, INC., a corporation, Appellant,

v.

KEYSTONE BANK, a Banking Corporation.

Superior Court of Pennsylvania.

Submitted April 10, 1979.

Filed Nov. 28, 1979.

Philip E. Beard, Pittsburgh, for appellant.

Abraham Fishkin, Pittsburgh, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant, The Drug House, Inc., brought an action in assumpsit in the Court of Common Pleas of Allegheny County, Civil Division, against Keystone Bank, Appellee. The suit sought to recover the proceeds of a check, in the amount of $3,000.00, of which Appellant was the payee. The check had been forwarded to a third party which indorsed it in its own name and deposited it in its own bank. The check was then forwarded to Appellee, which made payment to the third party's bank. Appellee filed preliminary objections in the nature of a demurrer claiming that since no privity of contract existed between Appellant and Appellee, there could be no breach of contract duty upon which to base a cause of action. After argument, the Court below entered an Order on July 10, 1978, sustaining Appellee's preliminary objections and dismissing the Complaint. This appeal followed.

In an appeal from an order sustaining preliminary objections to a complaint in the nature of a demurrer, a court must accept as true the well-pleaded facts of the complaint. *Woodyatt v. Bank of Old York Road*, 408 Pa.

257, 182 A.2d 500 (1962); *Ammlung v. City of Chester,* 224 Pa.Super. 47, 302 A.2d 491 (1973). Thus viewed, the factual record before this Court, taken from the averments of Appellant's Complaint, shows the following:

Appellant is a Pennsylvania corporation with its principal place of business in Philadelphia. Appellee is a banking corporation located in Pittsburgh. Appellant was the payee of a check, drawn on Appellee, in the amount of $3,000.00 and dated May 5, 1976. The check was never received by Appellant, nor did Appellant ever indorse or negotiate it in any manner. Instead, the check was received and indorsed by Equity Conversion, Inc., which deposited it in its own account with Chemical Bank of New York (hereinafter referred to as collecting bank). The collecting bank subsequently indorsed the check and presented it to Appellee, which made payment despite the fact that the check did not bear the indorsement of Appellant. Equity Conversion had no authority to indorse and deposit the check for Appellant and was neither the assignee or agent of Appellant with respect to the check.

In the procedural circumstances of this case, our Court must give to a demurrer the same effect with respect to admissions of fact as is required in the lower court. *Stollar v. Continental Can Co.,* 407 Pa. 264, 180 A.2d 71 (1962); *Pritchard v. Wick,* 406 Pa. 598, 178 A.2d 725 (1962); *Mulholland v. Pittsburgh National Bank,* 405 Pa. 268, 174 A.2d 861 (1961). However, this Court may make its own inferences and draw its own conclusions of law from the facts which are deemed admitted by the demurrer. *Mulholland v. Pittsburgh National Bank, supra.* Accordingly, in light of the facts set forth in Appellant's Complaint, we find that the primary issue for our consideration is whether the payee of a check may recover the proceeds thereof from a drawee bank which pays the check upon an unauthorized indorsement by a collecting bank.

In sustaining Appellee's demurrer, the Court below relied upon the case of *Lindsley v. First National Bank of Philadelphia,* 325 Pa. 393, 190 A. 876 (1937), and § 3–417(2) of the

Uniform Commercial Code (hereinafter referred to as the "UCC"), 12A P.S. § 3–417(2), in holding that a payee (Appellant in this case) cannot recover from the drawee (Appellee) because there is no privity of contract between them. The Court found that while a payee may recover from the drawee bank on the theory of conversion, under the UCC, if the drawee has paid the check upon a forged or unauthorized indorsement *of the payee.* In the instant case Appellant paid the check upon the *indorsement of the collecting bank,* and not upon a forged or unauthorized signature *of the payee.*

■ On this appeal, Appellant advances a persuasive argument that under the facts set forth in its Complaint, the applicable case law and pertinent provisions of the UCC, a cause of action for conversion of the proceeds of the check by Appellee has been established. Appellant first makes reference to § 3–202(2) of the UCC [12A P.S. § 3–202(2)]. That section requires a negotiable instrument to contain an indorsement "by or on behalf of" the transferee. Appellant points out that Appellee, through its demurrer, admits that the collecting bank had no authority to indorse the check for the payee. Next, Appellant directs our attention to § 3–404(1) of the UCC [12A P.S. § 3–404(1)], which provides that "any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it." Section 1–201(43) of the UCC [12A P.S. § 1–201(43)] defines the term "unauthorized signature or indorsement" as "one made without actual, implied or apparent authority and includes a forgery." Finally, Appellant asserts that these two provisions, directly apply to the factual setting in the instant case to establish Appellee's liability through § 3–419(1)(c) of the UCC [12A P.S. § 3–419(1)(c)]. That section provides that "an instrument is converted when  . . .  it is paid on a forged indorsement." More specifically, Appellant reasons that under this section, Appellee committed a conversion when it made payment of the proceeds of the check on an unauthorized indorsement, which was not a payment pursuant to any

valid authority, and thereby deprived Appellant of its right to recover the funds called for by the instrument. Appellant cites for authority the decision of the Dauphin County Court in *Ervin v. Dauphin Deposit Trust Company*, 38 Pa.D & C.2d 473 (1965). This proposition might have a more persuasive effect if the cases and authority cited in support of it coincided with the facts as averred in Appellant's Complaint. However, the fact that *Appellant's indorsement* appears nowhere on the check, forged or unauthorized, takes it outside the parameters of § 3–419(1)(c) of the UCC with respect to drawee bank liability under that section.

Appellant refers to cases, both before and after the enactment of the UCC, which hold the drawee bank liable to the payee of a check where payment is made to a third party upon a forged or unauthorized indorsement. Thus, Appellant cites *Seventh National Bank v. Cook*, 73 Pa. 483 (1873) and *Ervin v. Dauphin Deposit Trust Co., supra*, and contends that the facts of both cases are essentially identical to the instant case. An examination of the facts, however, reveals a significant difference insofar as those cases involved situations wherein payment was made upon the forged or unauthorized indorsement *of the payee*. These cases, as well as other authority cited by Appellant, indicate that an unauthorized indorsement refers to the *indorsement of the payee, and not that of a collecting bank or any other third party*.[1]

In the instant case, the Appellee relied upon the indorsement of the collecting bank. Such reliance was justified by the warranties set forth in § 3–417(2) of the UCC [12A P.S. § 3–417(2)], which provides *inter alia*, that:

"(2) Any person who transfers an instrument and receives consideration warrants to his transferee and if the transfer is by indorsement to any subsequent holder who takes the instrument in good faith that

(a) he has a good title to the instrument and is authorized to obtain payment or acceptance on behalf of one

1. See 10 Am.Jur.2d § 631, cited by Appellant, which states: "So too, a bank paying a check upon the unauthorized indorsement *of the payee* becomes liable to the payee." (emphasis added)

who has a good title and the transfer is otherwise rightful; and

(b) all signatures are genuine or authorized; and

(c) the instrument has not been materially altered; and

(d) no defense of any party is good against him; and

(e) he has no knowledge of any insolvency proceeding instituted with respect to the maker or acceptor or the drawer of an unaccepted instrument."

In view of such justifiable reliance, no basis exists for a cause of action by Appellant *against Appellee* on the theory of conversion under the facts of this case. Appellant's rights against either Chemical Bank of New York or Equity Conversion, Inc. are not appropriate for discussion in the context of the present appeal. Moreover, we do not deem it necessary to reach the question raised by Appellee of the need for the existence of privity of contract between Appellant and Appellee in order to determine whether the drawee bank is a proper defendant in this litigation. Instead, we affirm on the basis that the indorsement by the collecting bank was sufficient to obviate a successful cause of action by Appellant against Appellee, the payee bank, on a theory of conversion.

Affirmed.