418 A.2d 462

Robert L. WILSON

v.

HIGHWAY SERVICE MARINELAND and Donald Mueller, Appellants.

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed Jan. 18, 1980.

Allen L. Feingold, Philadelphia, for appellants.

Nicholas J. Scafidi, Philadelphia, for appellee.

Before PRICE, WIEAND * and VAN der VOORT, JJ.

PRICE, Judge:

The instant appeal is from an order in appellee's action in replevin. Finding that the court erred in awarding appellee $2000 in special damages for the unlawful detention of his boat, we affirm in part and reverse in part the order of the trial court.

On or about May 2, 1977, appellee damaged his boat during a pleasure outing by getting saltwater into the engine. On May 2, 1977, the boat was taken to Highway Service Marineland [HSM] for repairs. On numerous occasions, appellee called appellant Donald Mueller, the owner of HSM, to inquire as to an estimate for the repairs. During one call, Mueller stated that an estimate was not yet possible since he was awaiting a reply from a supplier regarding the price of a new engine for the boat. Appellee informed Mueller that he would only make reasonable payment for the services that had already been performed and that he desired to take his boat to a different repair shop.

On June 3, 1977, appellee went to HSM and was presented a bill for $1319.70, the itemization of which was as follows: $200.00 for consultation with appellee's insurance adjuster; $120.00 for preparation of the estimate; $150.00 for preparation of parts to prevent further damage; $775.00 for storage fees ($25.00 per day for 31 days); and $74.70 for sales tax.

* Judge DONALD E. WIEAND is sitting by special designation.

Appellee refused to pay this amount and instead offered to pay a fee for the services that had been reasonably performed, although no specific figure was mentioned. Mueller refused to modify the bill or to relinquish possession of the boat, and on August 3, 1977, appellee filed a complaint in replevin requesting return of the boat and damages for its unlawful detention. Appellants filed an answer and counterclaim requesting dismissal of appellee's claim and an award for appellants in the amount of $470.00 (representing the $200.00 consultation fee, the $120.00 fee for preparing the estimate and the $150.00 fee for actual repairs) plus a storage fee of $25.00 per day. On June 30 and September 27, 1978, trial was held before the Honorable George T. Kelton. At the conclusion of trial, Judge Kelton found that appellants' claim for $1319.70 was without foundation, and that their assertion of a lien in this amount and the retention of the boat was unlawful and improper. The court ordered the return of the boat and awarded appellee the sum of $2000 as damages for the unlawful detention. Appellants were awarded $280 on their counterclaim as compensation for their efforts in preserving the engine from further damage and displaying the parts to appellee's insurance agent. Exceptions were filed and dismissed, and the verdict was made absolute on January 31, 1979. Appellants appeal from that verdict alleging various instances of error in the trial court.

■ Appellants first assignment is that the trial court erred in refusing to grant a continuance at the June 30, 1978 trial on the basis of the poor physical condition of appellants' counsel, who had recently been involved in a motorcycle accident. Contrary to appellants' contention,[1] a review of the notes of testimony discloses that beyond explaining to the court the reason for his poor physical condition and stating that he was in court only because no other attorneys

1. Appellants' brief refers to page 2 of the notes of testimony of the June 30, 1978 hearing as evidence of their request for a continuance. Close scrutiny discloses that such a request was not made, nor does the term "continuance" appear on page 2 of the cited notes of testimony.

from his office were available, appellants' counsel never entered a formal request for a continuance. Appellants' first assignment is therefore without merit.

Appellants' second contention is that the trial court erred in awarding appellee $2000 in damages for the retention of his boat while at the same time impliedly ruling that appellants had a valid lien on the property in the amount of at least $280. Appellants claim that it was without question that they had a common law lien on the chattel for the value of their services, and the only disagreement was with respect to the amount of their claim. Given this lien, they contend that they were lawfully entitled to retain possession pending its satisfaction, and that the court's allowance of damages for its retention was improper. We agree.

The gist of the action of replevin is to try the title to the chattels in question and the plaintiff's right to their immediate possession. *E. g. Brandywine Lanes, Inc. v. Pittsburgh Nat'l Bank*, 437 Pa. 499, 264 A.2d 377 (1970) (O'Brien, J., concurring); *Blossom Products Corp. v. National Underwear Co.*, 325 Pa. 383, 191 A. 40 (1937). Instantly, there was no question regarding appellee's title to the boat and the only issue was with respect to appellee's claim for its return. Generally, when a plaintiff in a replevin action successfully establishes that he has title to the property and that the defendant's possession was unlawful, the plaintiff may, in addition to recovering the chattel, obtain judgment for the defendant's unlawful detention. *E. g. Armstrong & Latta v. City of Philadelphia*, 249 Pa. 39, 94 A. 455 (1915); *Main Investment Co. v. Gisolfi*, 203 Pa.Super. 244, 199 A.2d 535 (1964). In the present case, however, appellants' retention of the property was not unlawful since appellants held a common-law lien for the value of their services in repairing appellee's boat, *see Apartment Owners and Managers Committee v. Brown*, 252 Pa.Super. 539, 382 A.2d 473 (1977); *Meyers v. Bratespiece*, 174 Pa. 119, 34 A. 551 (1896), and under general lien principles they were entitled to retain possession pending satisfaction of their claim. While appellants' continued retention would have become unlawful if

appellee had filed a replevin bond and a writ of seizure under Pa.R.C.P. Nos. 1075, 1075.3, *see Wensel v. Reed*, 161 Pa.Super. 488, 55 A.2d 548 (1947); *Pickering v. Yates*, 51 Pa.Super. 436 (1912), appellee did not pursue this procedure, and appellants were therefore justified in refusing to relinquish possession until completion of the replevin action absent adequate security that their claim would be satisfied. Moreover, we find distinguishable appellee's citation of *Ladner v. Forman and Friess*, 107 Pa.Super. 245, 163 A. 359 (1932). In that case, this court affirmed an award for punitive damages against a defendant-lienholder when the trial court found that the amount of the lien asserted by the defendant was so excessive as to amount to an "oppression and wrong" to the plaintiff. *Id.*, 107 Pa.Super. at 251, 163 A. at 362. Although the trial court in the instant case implied that appellants' assertion of a lien in the amount of $1319.70 was similarly malevolent, the $2000 judgment for appellee was not for punitive damages, but was intended as special damages for appellants' unlawful detention of appellee's boat. Therefore, *Ladner v. Forman and Friess, supra,* is not determinative. Instead, we find that appellants' retention of the chattel was not unlawful and the trial court erred in awarding judgment for that detention.

■ Appellants' final contention is that the award of $280 on their counterclaim was "grossly inadequate." As stated earlier, appellants' counterclaim requested recovery of $200 for consultation fees, $120 for preparation of the estimate, $150 for preparation of the engine to prevent further damage and $25 per day for storage costs. The trial court found that $280 reasonably compensated appellants for the efforts of its employees in dismantling the engine and preserving the engine parts to prevent further damage, and in preparing the parts for display to the insurance agent. In limiting appellants' recovery to this amount, the court noted that the work order signed by appellee only authorized appellants to "check boat and engine for being submerged in water," and that the work order provided that a storage charge would only be charged for items not claimed within ten days of the

completion of service. Because appellee attempted to retrieve his boat within this time and was precluded from doing so only because of appellants' refusal to relinquish possession, the court apparently decided that storage costs should not be assessed. Therefore, the court's limit on appellants' counterclaim is reasonable and is fully supported by the evidence.

The order of the trial court requiring return of the boat and payment of $280 by appellee is affirmed, and that portion of the order requiring appellants to pay $2000 in special damages is reversed.