Argued and submitted March 10, reversed and remanded May 26,
reconsideration denied September 2,
petition for review allowed October 5, 1982 (293 Or 634)

McGINNIS,
*Appellant,*

*v.*

WENTWORTH CHEVROLET CO.,
*Respondent.*

(No. A7903-01192, CA A21447)

645 P2d 543

Michael J. Hansen, Salem, argued the cause for appellant. With him on the briefs were Gatti & Gatti, P.C., and Thorbeck & Hansen, Salem.

Peter C. Richter, Portland, argued the cause for respondent. With him on the brief were Randee G. Fenner, and Miller, Nash, Yerke, Wiener & Hager, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This case arose out of the purchase of an auto by plaintiff from defendant.[1] In her complaint, plaintiff sought to revoke of acceptance of the car. ORS 72.6080. She also sought damages from the defendant dealer for unlawful trade practices and against defendant General Motors for breach of warranty, but these claims are not the basis for this appeal. From the trial court's granting her revocation of acceptance, plaintiff appeals, contending that she is also entitled to the costs of storing and insuring the car, renting a replacement car and paying interest on a bank loan for the purchase of the car. We find that plaintiff is entitled to recover these expenses and remand to the trial court for a determination of the reasonableness and amount of them.

Plaintiff purchased a 1978 El Camino on July 25, 1978. The purchase price was $5,923, including license and registration fees. The purchase agreement, in part, provided:

"Purchaser agrees that this Order includes all the terms and conditions on both the face and reverse side hereof, that this Order cancels and supersedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby, and that THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE. Purchaser expressly agrees that the only warranty given Purchaser is the New Vehicle Warranty of General Motors for new vehicles or, in the case of a used vehicle, the existing manufacturer's warranty thereon, if any. ED RANDALL CHEVROLET CO. DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. There have been no claims as to the gas mileage of this vehicle and no commitments as to repair work to be done or equipment to be added, except as stated herein. Ed Randall Chevrolet Co. neither assumes nor authorizes any person to assume for it liability in connection with the sale of this vehicle and shall not be

---

[1] The automobile was actually purchased from defendant's predecessor in interest, Ed Randall Chevrolet Co.

liable in contract, tort or otherwise for injuries to persons or property or for consequential damages or commercial losses."

Before taking possession of the car, plaintiff was told certain defects would be corrected. After driving the car for a short period of time, plaintiff noticed more defects, ranging from cosmetic problems such as chipping paint and scratches to mechanical problems such as the cruise control failing to operate properly and the engine stalling out at intersections. In addition, plaintiff had problems with the car's air conditioning, acceleration, gas gauge, hood release, leaking doors, tailgate and engine. The trial court described the car as a "lemon." Plaintiff had the car in for repairs at defendant's dealership on several occasions within the first three months of ownership.

On November 13, 1978, plaintiff's attorney wrote defendant seeking return of plaintiff's purchase price or providing her another 1978 El Camino. Instead, defendant attempted to make further repairs but was unable to do so satisfactorily. Finally, on January 26, 1979, plaintiff's attorney wrote defendant reaffirming the November 13, 1978, revocation of acceptance. The January 26 letter stated that plaintiff was retaining possession of the car as security under ORS 72.7110(3) and making plans to store it and rent another car and that such costs would be charged to defendant. After defendant's continued failure to comply with plaintiff's demand for return of the purchase price, plaintiff filed suit on March 7, 1979. In her claim for revocation of acceptance, plaintiff sought return of the purchase price as well as storage fees, car rental fees, loan fees, interest charges and "other incidental damages."

At trial, plaintiff testified that she had placed the car in storage in February, 1979, and paid $30 a month for the storage. She testified that while in storage the car was driven by other people on occasion in order to maintain it. She also attempted to introduce evidence of rental car costs incurred, but the trial court rejected the evidence, apparently on the ground that the purchase agreement excluded such costs.

The trial court found that there was a failure of substantial compliance and that plaintiff was entitled to

revocation of acceptance. It awarded plaintiff the purchase price of $5,923 less a deduction for use of the car of $1,000, for a total award of $4,923, plus costs and disbursements of $95.80, upon return of the car to defendant. The court denied plaintiff's other expenses but allowed her to make an offer of proof on the storage costs, rental costs, and interest paid on money borrowed to purchase the car. In a further proceeding prior to entry of judgment for the $4,923 sum, plaintiff once again sought to "clarify" the record, contending that she was entitled to the above expenses as well as insurance paid on the car while it was stored and held as security under ORS 72.7110(3). The court again refused to award them.

The sole issue on appeal is whether plaintiff is entitled to any or all of the above expenses incurred as part of her revocation of acceptance. ORS 72.6080. Defendant does not cross-appeal the granting of revocation of acceptance.

■ Plaintiff had the right, upon her justifiable revocation of acceptance, to cancel the agreement and recover expenses paid to "cover" by procuring substitute goods. ORS 72.7110(1)(a). She also had a security interest in the El Camino for any payments made as well as any reasonable expenses incurred in inspecting, receiving and transporting and for the care and custody of the car. ORS 72.7110(3); *see Jorgensen v. Pressnall,* 274 Or 285, 291-92, 545 P2d 1382 (1976). It is unclear from a review of the record why the trial court denied the expenses plaintiff had incurred.

■ Defendant argues that, as to the storage costs of $30 per month, the trial court "could properly have found that plaintiff did not incur any storage costs or that plaintiff's alleged storage costs were unreasonable." We do not find this argument persuasive. First, the trial court made no such findings. Second, plaintiff testified that she believed she paid $30 per month for storage, and there was no evidence that she in fact did not incur that expense. Third, defendant's contention that the court could have found that no storage of the car actually took place is unsupported by the record. Over the 26-month period between February, 1979, when the car was placed in

storage, and the time of trial in April, 1981, the car was driven approximately 3,000 miles. Plaintiff testified that most of this mileage was for maintenance of the car. She felt it unwise mechanically to leave the car totally idle. *See* ORS 79.2070(1) and (4), (providing that a secured party may use or operate collateral for the purposes of preserving collateral or its value). *Jorgensen v. Pressnall, supra,* 274 Or at 292. The other mileage was a result of trips to the dealer for attempted repairs and to plaintiff's attorney for inspection.

Defendant argues that the cost of renting a replacement car and the interest on the El Camino car loan were expressly excluded from recovery under the purchase agreement, because they were "consequential" damages. There was no evidence as to what the parties intended by the term "consequential damages" in the purchase agreement. Under the Uniform Commercial Code, "incidental" and "consequential" damages are distinguished in ORS 72.7150:

"(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

"(2) Consequential damages resulting from the seller's breach include:

"(a) Any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

"(b) Injury to person or property proximately resulting from any breach of warranty."

On January 26, 1979, plaintiff's attorney informed defendant that plaintiff was considering renting another car until the matter was settled and charging defendant for the costs. Renting a replacement car after justifiable revocation was a reasonable way for plaintiff to cover, ORS 72.7120(1), after defendant's refusal to accept the revocation. Costs in effecting cover are "incidental" damages. ORS 72.7150(1). Plaintiff offered to prove that she expended $150 per month in rental for another car. Whether this amount was actually

expended and whether this was a reasonable amount under the circumstances involves issues of fact for the trial court to determine. Likewise, the interest charges plaintiff paid on the El Camino car loan after she had justifiably revoked acceptance and decided to place the car in storage were expenses incident to the delay because of defendant's refusal to take back the car. ORS 72.7150(1). The interest charges paid as part of the car loan were also expenses incurred in protecting plaintiff's security interest in the car. ORS 72.7110(3). The payments made preserved the collateral from potential foreclosure by the lender.

In the proceeding after trial, plaintiff moved to "clarify" the evidence concerning her denied expenses. At that time, plaintiff asserted that she was also entitled to insurance paid on the car while it was maintained as a security interest. Plaintiff's counsel stated:

"* * * I further think we should be able to prove that we paid in insurance and we should be reimbursed for the amount for the insurance that plaintiff was maintaining as a security interest; therefore, she had the right to control that security interest and right to protect it, so interest, storage, rental and insurance, I think we should be entitled to recover."

The court, however, denied all expenses.

■ Reasonable expenses incurred in insuring the El Camino while it was being held as a security interest under ORS 72.7110(3) are incidental damages, ORS 72.7150(1), incurred for the care and custody of the security interest. Defendant asserts that this issue is not properly before us because the trial court did not have the opportunity to rule on the award of insurance expenses, citing *Harryman v. Roseburg Fire Dist.*, 244 Or 631, 420 P2d 51 (1966). We disagree. Plaintiff's complaint sought the specific costs listed as well as "other incidental damages." The post-trial proceeding adequately apprised the trial court of plaintiff's position on insurance expenses and gave the court an adequate opportunity to rule on those expenses.

■ In summary, the court's award of only the $5,923 purchase price less $1,000 was inadequate under to the Uniform Commerical Code provisions on buyers' remedies.

In effect, although the court found the 1978 El Camino to be a "lemon" and that plaintiff had the right to revoke acceptance after her notice, under the award plaintiff would be left having paid for the storage, insurance, and renting of a substitute car and the interest on a loan financing the car for a period of well over two years until entry of judgment in June, 1981. Plaintiff is entitled to these incidental expenses, and the case must be remanded to determine their amount and reasonableness.

Reversed and remanded.