564 A.2d 931

**FORD MOTOR CREDIT COMPANY, Appellee,**

v.

**Josephine J. CAIAZZO A/K/A Josephine S. Caiazzo and Anthony J. Caiazzo A/K/A Anrhony J. Caiazzo, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1989.

Filed Sept. 13, 1989.

562

Barbara Cymerman, Pittsburgh, for appellants.

Gregory M. Devine, Pittsburgh, for appellee.

Before ROWLEY, KELLY and HESTER, JJ.

KELLY, Judge:

Appellants, Anthony and Josephine Caiazzo, appeal from an order sustaining the preliminary objections of appellee, Ford Motor Credit Corporation, and dismissing the Caiazzo's answer, new matter, and counterclaim. The trial court, applying this Court's decision in *Ford Motor Credit Corp. v. Dunsmore*, 374 Pa.Super. 303, 542 A.2d 1033 (1988), reasoned that Caiazzos' claims were not properly cognizable in this replevin action. We find *Ford Motor Credit Corp. v. Dunsmore, supra,* materially distinguishable based upon appellant's assertion of a purchase money security interest under 13 Pa.C.S.A. § 2711(c), arising from Caiazzos' revocation of acceptance of the allegedly defective new car. No such assertion of a possessory interest had been made in *Ford Motor Credit Corp. v. Dunsmore, supra.* We affirm in part, and reverse in part, and remand for further proceedings.

The relevant facts may be accurately summarized as follows. On June 1, 1987, the Caiazzos purchased a 1987 Mercury Grand Marquis from Biondi Motor Corporation in Monroeville, Pennsylvania. Under the retail installment financing contract entered into by the Caiazzos, they granted Biondi Motor Corporation an assignable possessory security interest in the vehicle upon a default in payments. The contract, including the security interest, was lawfully assigned to Ford Motor Credit Corporation.

On January 20, 1988, Ford Motor Credit Corporation commenced an action in replevin seeking possession of the Mercury Grand Marquis. Ford Motor Credit Corporation specifically alleged that the Caiazzos had defaulted on their

obligations under the financing agreement by withholding required payments, and based its replevin claim upon its possessory interest arising as the result of that alleged default. On February 10, 1988, Ford Motor Credit Corporation applied for, and was granted, a writ of seizure to take possession of the Mercury Grand Marquis.

On that same day, the Caiazzos filed their answer together with new matter and counterclaims. In addition to Lemon Law and related warranty claims and defenses, the Caiazzos alleged that they were not in default, but that they had properly revoked acceptance of the Mercury Grand Marquis because of uncorrected defects which substantially impaired the value of the vehicle, and that they had retained possession of the vehicle, notwithstanding revocation, pursuant to their possessory, purchase money security interest arising under 13 Pa.C.S.A. § 2711(c).

Ford Motor Credit Corporation filed preliminary objections asserting that the matters asserted in the Caiazzos' Answer, New Matter, and Counterclaims were not properly cognizable in a replevin action. The trial court, relying expressly on this Court's decision in *Ford Motor Credit Corp. v. Dunsmore, supra,* sustained the preliminary objections and dismissed the Caiazzos' Answer, New Matter and Counterclaim in its entirety. This timely appeal follows.

Our standard of review of an order granting preliminary objections in the nature of a demurrer was set forth in *Vattimo v. Lower Bucks Hosp., Inc.,* 502 Pa. 241, 465 A.2d 1231 (1983), as follows:

All material facts set forth in the [pleading] as well as all inferences reasonably deducible therefrom are admitted as true [for the limited purpose of this review]. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

465 A.2d at 1232–33 (citations omitted); *see also Mahoney v. Furches,* 503 Pa. 60, 66, 468 A.2d 458, 461–62 (1983). In

reviewing the grant of a demurrer we are not bound by the inferences drawn by the trial court, nor are we bound by its conclusions of law. *See Woodward v. Dietrich,* 378 Pa.Super. 111, 116, 548 A.2d 301, 303 (1988); *Drug House, Inc. v. Keystone Bank,* 272 Pa.Super. 130, 132, 414 A.2d 704, 705 (1979). Furthermore, we will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that further proceedings would clearly be fruitless. *Jones v. Travelers Insurance Co.,* 356 Pa.Super. 213, 217, 514 A.2d 576, 578 (1986).

To be successful in a replevin action, the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question. *International Electronics Co. v. N.S.T. Metal Products Co., Inc.,* 370 Pa. 213, 88 A.2d 40 (1952); *Wilson v. Highway Service Marineland,* 274 Pa.Super. 391, 394, 418 A.2d 462, 464 (1980). "Exclusive" right of possession means only a right which excludes the defendant. Thus, a plaintiff in a replevin action must show good title and right to possession as against the defendant, but is not required to set up such a title or right as against the whole world. *Gensbigler v. Shawley, Inc.,* 162 Pa.Super. 642, 644, 60 A.2d 360, 362 (1948).

The focus in a replevin actions is strictly limited to title and right of possession; all matters foreign to those limited issues are expressly excluded from consideration and are not available as defenses or counterclaims. *Blossom Products Corporation v. National Underwear Company,* 325 Pa. 383, 191 A. 40 (1937); *Ford Motor Credit Co. v. Dunsmore, supra; Gensbigler v. Shawley, supra.* In *Ford Motor Credit Co. v. Dunsmore, supra,* this Court specifically held that,

[a] warranty claim cannot be asserted as a defense in a replevin action. *Lee–Strauss Co. v. Kelly,* 292 Pa. 403, 141 A. 236 (1928); *Hall's Safe Company v. Walenk,* 42 Pa.Super. 576 (1910). Any such claims which the purchaser may have against the seller must instead be as-

serted in an independent proceeding. *Hahn v. Andrews,* 370 Pa. 65, 87 A.2d 284 (1952).

542 A.2d at 1034. Consequently, we affirm that portion of the trial court's order which dismissed appellant's Lemon Law and related warranty defenses and counterclaims in this case, as well as the Caiazzos' specific counterclaims for the return of the purchase amounts paid, and for alleged defamation damages.

■ There is, however, a material difference between the pleadings in this case and the pleadings at issue in *Ford Motor Credit Corp. v. Dunsmore, supra.* Here, the Caiazzos have specifically asserted a *possessory* interest in the Mercury Grand Marquis in the form of a purchase money security interest under 13 Pa.C.S.A. § 2711(c) arising from the Caiazzos' alleged justifiable revocation of acceptance of the vehicle based upon uncorrected defects which substantially impaired the value of the vehicle. No such claim was presented in *Ford Motor Credit Corp. v. Dunsmore, supra.*

■ Pursuant to Pa.R.C.P. 1082(a), a claim to possession based upon a lien on the property in question in a replevin action may properly be set forth as a counterclaim in the replevin action. *See e.g. Wilson v. Highway Service Marineland, supra.* Here, the Caiazzos alleged justifiable revocation of acceptance, and asserted a possessory, purchase money security interest under 13 Pa.C.S.A. § 2711(c). We find that the trial court erred in summarily dismissing this counterclaim.

Initially, we note that the fact that Ford Motor Credit Corporation was the assignee of Biondi Motor Corporation's security interest did not insulate Ford Motor Credit Corporation from the effects of the Caiazzos' alleged lawful revocation of acceptance of the Mercury Grand Marquis. Under Pennsylvania law, and the express terms of the financing contract in this case, the assignee of a security interest in a retail installment financing contract for a motor vehicle takes subject to all claims against the seller or manufacturer of the vehicle, and is *not* considered to be

a holder in due course who takes free from such claims. *See Casey v. Philadelphia Auto Sales Co.,* 428 Pa. 155, 236 A.2d 800 (1968); *First National Bank of Millville v. Horwatt,* 192 Pa.Super. 581, 162 A.2d 60 (1960); *Ford Motor Credit Corp. v. Moser,* 34 D. & C.3d 115 (1984).

The Caiazzos alleged a possessory, purchase money security interest under 13 Pa.C.S.A. § 2711(c) which provides as follows:

> § 2711 Remedies of buyer in general; security interest of buyer in rejected goods.
>
> \* \* \* \* \* \*
>
> (c) **Security interest of buyer in rejected goods.**—On rightful rejection *or justifiable revocation of acceptance* a buyer has a security interest in goods in his possession or control for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care and custody *and may hold such goods and resell them in like manner as an aggrieved seller* (section 2706).

(Emphasis added). In *Yates v. Clifford Motors, Inc.,* 283 Pa.Super. 293, 310–12, 423 A.2d 1262, 1271–72 (1980), this Court recognized the validity of a Section 2711(c) possessory, purchase money security interest following revocation of acceptance of a truck purchased via an installment financing agreement, even though following revocation of acceptance the buyer made no installment payments to the bank which held the mortgage under the motor vehicle financing agreement. Similarly, in *Cardwell v. International Housing, Inc.,* 282 Pa.Super. 498, 513, 423 A.2d 355, 363 (1980), this Court recognized the validity of a Section 2711(c) possessory, purchase money security interest following revocation of acceptance of a mobile home purchased via an installment financing agreement.[1]

---

1. Cases from other jurisdictions are in accord. *See e.g. Vista Chevrolet Inc. v. Lewis,* 704 S.W.2d 363 (Texas App.1985) (Section 2711 security interest validly assserted following "lemon" related revocation of acceptance); *McCullough v. Bill Swad Chrysler–Plymouth,* 5 Ohio St.3d 181, 449 NE.2d 1289 (1983) (same); *McGinnis v. Wentworth Chevrolet Co.,* 645 P.2d 543 (Ore.App.1982) (same); *Pavesi v.*

In the *Uniform Commercial Code Commentary and Law Digest,* Professor Quinn has cogently observed:

§ 2–711(a)   Editorial Commentary.

■ **Buyer's "Security Interest" to Assure Repayment.**
Section 2–711(3) faces up to the question of what a buyer is to do who, on the one hand, is intent on returning the goods but, on the other, has already paid all or part of the price or has incurred expenses in their regard. To simply return the goods runs the risk of kissing the down payment and the out-of-pocket expenses goodbye—or, at least, rendering their return that much more difficult. Hanging on to the goods bars that risk, but it also opens the buyer up the charge that by failing to return the merchandise, he "accepted" it (2–606) and became liable for the full price (2–607(1), 2–709(1)(1)).

Section 2–711(3) neatly solves this dilemma by allowing for a formal rejection (or revocation), with the buyer empowered to retain the goods in fact as a way of assuring prompt repayment of the money due by the seller. In technical terms, the buyer has a "security interest" in the goods which he enforces by retaining possession of the unwanted goods.

Quinn, *UCC Commentary and Law Digest,* § 2–711(a)(2) at 2–442 (1978). In his 1988 supplement to the above treatise Professor Quinn added to the former commentary as follows:

Where this right is to be exercised, however, it is important to distinguish carefully between giving prompt and formal notice of rejection and promptly returning the defective merchandise! The two are not the same. It is not only possible but advisable in some cases to retain physical possession of the goods while rejecting. The

*Ford Motor Co.,* 155 N.J.Super. 373, 382 A.2d 954 (1978) (same); *Irrigation Motor and Pump Co. v. Belcher,* 29 Colo.App. 343, 483 P.2d 980 (1971) (same, regarding irrigation equipment); *Mobile Homes Sales Management Inc. v. Brown,* 115 Ariz. 11, 562 P.2d 1378 (1977) (same, regarding a mobile home).

obvious case is where the buyer has paid for all or part of the goods. A return of the goods in this context leaves the buyer with neither the goods nor the money paid. The buyer has gone from bad to worse.

Far from requiring a physical return of the goods in this context, the Code gives the rejecting buyer "a security interest in goods in his possession or control for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care, or custody," and makes it clear that the buyer "may hold such goods and resell them in like manner as an aggrieved seller (2-711(3)). A proper exercise of the buyer's right of rejection [or revocation], therefore, is quite compatible with physical retention and even resale, should the need arise.

Quinn, *supra* at 52–485 (1988 Cum.Supp. No. 2). *Accord* Anderson, *An Overview of Buyer's Damage Remedies,* 28 UCCLJ 28, 39 (1988); 3 *Hawkland UCC Series,* § 2–711:03 (1982).[2]

Ford Motor Credit Corporation argues in its brief to this Court that the trial court's order sustaining its demurrer to the Caiazzos' Section 2711(c) possessory security interest claim must be affirmed because:

review of the record shows without doubt that there exists several reasons why the common pleas court could have concluded that the Caiazzos' revocation was not

2. We note that although the issue has not been decided as yet in a Pennsylvania appellate court, a purchaser who retains an automobile to protect a security interest following rejection or revocation may have a duty to sell the automobile in the absence of reasonable instructions from the seller, in light of the fact that automobiles decline in value rapidly. *See Grucella v. General Motors Corp.,* 10 D & C 2d 65, 71 (1956) (citing 13 Pa.C.S.A. § 2603(1)); *see also* 4 *Anderson, Uniform Commercial Code,* § 2711:6 at 424 (1988 Cum.Supp.) (citing *Grucella* with apparent approval); *cf.* Schuchman, *Condition and Value of Repossessed Automobiles,* 21 Wm. & M.L.Rev. 15, 15–43 (1979) (discussing the rapid decline in value of automobiles). Here, upon posting a replevin bond sufficient to secure the Caiazzos' alleged Section 2711(c) security interest, Ford Motor Credit Corporation obtained possession of the vehicle in question. *Cf. Wilson v. Highway Service Marineland, supra,* 418 A.2d at 464.

justifiable or effective, thereby rendering their claim as one for breach of warranty and which under the *Dunsmore* ruling may not [be] asserted in this replevin action. (Appellee's Brief at 5). Ford Motor Credit Corporation suggests that the trial court "must have concluded that there was no effective revocation." (Appellee's Brief at 10). We cannot agree.

■ Under Pennsylvania law, what is a reasonable time after tender or delivery for rejection or revocation of defective goods is generally deemed a question of fact to be resolved by the fact finder, and no express outside time limit is set. *See Yates v. Clifford Motors, Inc., supra,* 423 A.2d at 1268-69 (collecting cases); *Cardwell v. International Housing Inc., supra,* 423 A.2d at 362 *see generally* Reitz, *What You Should Know About State "Lemon Laws,"* 34 Practical Lawyer 83, 85 (1988); Comment, *Sweetening the Fate of the "Lemon" Owner,* 14 Toledo L.Rev. 341, 355–568 & nn. 108–113 (1983); Oxenham, *Automobile and the Lemon Law,* 7 Va.B.Assn.J. 18, 21 (1981); Highsmith & Havens, *Revocation of Acceptance and the Defective Automobile,* 18 Am.Bus.L.J. 303, ___ (1980); Cohen & Bailey, *Defective Motor Vehicles—Warranty Rights and Practical Remedies for Consumer Purchasers,* ___ Mass.L.Rev. 33, 39 (Jan–Feb 1980); Stanley, *Defective Automobiles and the U.C.C.,* 18 Clev.St.L.Rev. 527, 533–35 (1969).

■ Revocation of acceptance of a new automobile is permitted under 13 Pa.C.S.A. § 2608 only if the defects or nonconformities substantially impair the value to the purchaser. *See Yates v. Clifford Motors, Inc., supra,* 423 A.2d at 1272 (*dicta*); *Rozmus v. Thompson's Lincoln–Mercury Co.,* 209 Pa.Super. 120, 224 A.2d 782 (1966). Whether the nonconformity or defects exist and substantially impair the value of the vehicle to the purchaser are questions of fact to be resolved by the factfinder in all but the clearest cases. *See Rozmus v. Thompson's Lincoln Mercury Co., supra;*

*cf. Vista Chevrolet Inc. v. Lewis, supra,* 704 S.W.2d at 368 (collecting cases); *Pavesi v. Ford Motor Company; supra,* 382 A.2d at 956; *Durfee v. Rod Baxter Imports, Inc.,* 262 N.W.2d 349, 354–55 (Minn.1978); *Hays Merchandise, Inc. v. Dewey,* 78 Wash.2d 343, 474 P.2d 270, 272 (1970) (*citing Rozmus v. Thompson's Lincoln–Mercury* ). The factual nature of this determination is underscored by the fact that the test is ostensibly subjective rather than objective, *i.e.* impairment is gauged as to the particular purchaser, rather than as to a hypothetical "reasonable" purchaser. *See* 13 Pa.C.S.A. § 2608, comment 2: *see also Conte v. Dwan Lincoln–Mercury, Inc.,* 172 Conn. 112, 120, 374 A.2d 144, 148 (1976); Comment, *supra,* 14 Toledo L.Rev. at 352–54 & nn. 81–102; Adams, *Revocation of Acceptance: The Test for Substantial Impairment,* 32 U.Pitt.L.Rev. 439, 439–49 (1971) (noting the need for objective evidence of subjective impairment).

Ford Motor Credit Corporation's suggestion that the trial court "must have concluded" that there was no effective revocation of acceptance by the Caiazzos is doubly flawed. First, there is absolutely no indication in the trial court's opinion that any such determination was made. Second, any such determination would have been premature at this nascent stage in the proceedings. As noted above, the questions of whether notice of revocation was timely, and whether particular defects existed and substantially impaired the value of the vehicle of the purchasers, are questions of fact and as such are not properly determinable in ruling on a preliminary objection in the nature of a demurrer. At this juncture the trial court was required to accept the facts as pled and to grant the Caiazzos the benefit of all inferences reasonably derivable therefrom. As pled, we do not find that a finding, that such no effective revocation occurred, *was made or even could have been made* by the trial court.

The Caiazzos have alleged that they justifiably revoked acceptance of the Mercury Grand Marquis as the result of

the failure of both the manufacturer and the dealer to correct "numerous defects which substantially impaired the use, value, and safety of the subject automobile" despite the fact that they "promptly notified Biondi Motor Company Inc. and Ford Motor Company, of said defects" and gave them "ample opportunity to cure said defects." They have, in fact, submitted in support of their claim an automotive expert's report which details 76 specific defects. (R.R. at 42a–51a).

If proven, these allegations might support a finding that acceptance was lawfully revoked. See Rozmus v. Thompson's Lincoln Mercury, supra. If acceptance was lawfully revoked, then a valid possessory, purchase money security interest would have existed. See Yates v. Clifford Motors, Inc., supra. The assertion of such a possessory security interest is a properly cognizable counterclaim in a replevin action. See Wilson v. Highway Service Marineland, supra. Hence, we conclude that the trial court erred in summarily dismissing the Caiazzos' answer, and new matter to the extent that it raised a Section 2711(c) possessory, purchase money security interest as a counterclaim in this replevin action. The case is not free from doubt on this issue, at this juncture; hence, the preliminary objection in the form of a demurrer should have been denied as to this issue.

## Conclusion

The order of the trial court is Affirmed in Part and Reversed in Part. This matter is Remanded to the trial court for further proceedings consistent with this opinion. Jurisdiction is relinquished.