

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2004

# SCM Grp USA v. Custom Designs & Mfg

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2023

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"SCM Grp USA v. Custom Designs & Mfg" (2004). *2004 Decisions.* Paper 1004.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1004

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2023

SCM GROUP, USA, INC.,

Appellant

v.

CUSTOM DESIGNS & MANUFACTURING CO., INC.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist. Court No.  01-cv-1984)
District Court Judge: Honorable Edwin M. Kosik

Argued: January 23, 2004

Before: ALITO AND CHERTOFF, <u>Circuit Judges</u>,
AND DEBEVOISE[*], <u>Senior District Judge</u>.

(Opinion Filed: February 13, 2004 )

STEPHEN W. SAUNDERS
Kreder, Brookers, Hailstone & Ludwig

---

[*]The Honorable Dickinson R. Debevoise, Senior District Judge, United States
District Court for the District of New Jersey, sitting by designation.

220 Penn Avenue
Suite 200
Scranton, PA 18504

D. GREGORY MITCHELL
JAMES D. MEADOWS (Argued)
MATTHEW B. AMES
Meadows, Ichter & Bowers
3535 Piedmont Road
Building 14, Suite 110
Atlanta, GA 30305

*Counsel for Appellant*

MICHAEL R. MEY
Wormuth, Mey & Sulla
318 Penn Avenue
Scranton, PA 18503

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

As we write only for the parties involved, we do not restate the facts of the case. Due to an opinion issued by the Pennsylvania Superior Court after the District Court resolved this case, we reverse and remand with an order for the District Court to enter judgment in favor of SCM.

Since the District Court rendered its opinion, the Pennsylvania Superior Court has issued an opinion in which it holds that the "knockout rule" applies to contracts governed by Article 2 of the U.C.C. See Flender Corp. v. Tippins Intern., Inc.,

830 A.2d 1279 (Pa.Super. 2003).  We believe that <u>Flender</u> correctly states Pennsylvania law on this matter and predict that the Pennsylvania Supreme Court would apply the "knockout rule" in this case.  <u>See</u>, <u>also</u>, <u>Reilly Foam Corp. v. Rubbermaid Corp.</u>, 206 F.Supp.2d 643 (E.D.Pa.2002); <u>Daitom, Inc. v. Pennwalt Corp.</u>, 741 F.2d 1569 (10th Cir.1984). As such, we hold that neither the original terms nor the handwritten changes, which were obviously "different" and not simply "additional" terms, control the issue of acceptance.  Instead, we look to the U.C.C. to supply the default terms of acceptance.

Under the UCC, "[a]cceptance of goods occurs when the buyer:... (2) fails to make an effective rejection (section 2602(a)), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them..." 13 Pa.C.S.A. § 2606.[1]  The Code goes on to explain that, under § 2606, to avoid a default acceptance of the goods, the buyer must make a "[r]ejection of goods ... within a reasonable time after their delivery."  13 Pa.C.S.A. § 2602.

Under Pennsylvania law, a reasonable time for inspection after tender or delivery for rejection or revocation of defective goods "is generally deemed a question of fact to be resolved by the fact finder, and no express outside time limit is set."  <u>Ford</u>

---

[1]"Acceptance of goods by the buyer precludes rejection of the goods accepted and if made with knowledge of a nonconformity cannot be revoked because of it unless the acceptance was on the reasonable assumption that the nonconformity would be seasonably cured but acceptance does not of itself impair any other remedy provided by this division for nonconformity."  13 Pa.C.S.A. § 2607.  It is very difficult for CDM to argue that it has not rejected the Router because it expects SCM, who cannot fix the problem, to seasonably fix the problem 3 years after the installation and 2 years after the instigation of this lawsuit.

Motor Credit Co. v. Caiazzo, 564 A.2d 931, 936 (Pa.Super.,1989)(citation omitted).

Nevertheless, we find here that, as a matter of law, CDM has accepted the goods.

First, CDM clearly had more than a reasonable opportunity to inspect and reject the goods. The Router was delivered in December 2000. By the time of the judgment in this case, CDM had had more than a reasonable amount of time for CDM to determine if the Router was satisfactory. This is especially true since the problem with the Router was not inherent to the Router itself, but rather due to CDM's contractual problems with another company. To top it all off, CDM's own president stated that his company had spent too much time and money to give the project up. See App. 424.

Second, CDM never made an effective rejection of the Router.[2] Thus, as a matter of law, it has accepted the Router and must pay the contractual price for it plus any damages that resulted from its breach of the contract.

For the foregoing reasons, we REVERSE the March 25, 2003 order and REMAND to the District Court to enter judgment in favor of SCM and determine damages.

---

[2]CDM's alleged "rejection" letter is nothing of the sort. App. 581-582. The letter merely conditionalizes a future rejection of the goods upon further testing. Nowhere in the appellate record has CDM made a true rejection of the goods.