J-A07012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NINETY GAYLE AVENUE TRUST, JAN ONDRA, TRUSTEE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| S-2 PROPERTIES, 831 SLEEPY HOLLOW RD., STE. E., PITTSBURGH, PA 15234, | |
| Appellee | No. 1841 WDA 2014 |

Appeal from the Order Entered October 10, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2014-1625

BEFORE:  BOWES, MUNDY AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

Ninety Gayle Avenue Trust, Jan Ondra, Trustee, appeals the trial court's ruling that it must pay for rental owed with respect to a trailer that it owns before it can take possession of that item.  We affirm.

Appellant instituted this action by filing a petition seeking issuance of a rule to show cause directed to S-2 Properties located at 831 Sleepy Hollow Road Ste E, Pittsburgh, PA 15234, as to why Appellant was not entitled to immediate possession of a mobile home with a vehicle identification number CHPA3892A8.  It claimed the following.  Appellant acquired title to the trailer from LotsOfRealty.com on June 28, 2010.  The trailer in question was located on land owned by Appellee, which owns a trailer park.  The trailer

had previously been occupied by Shari Cox, so Appellant instituted an action to eject her on October 4, 2012. The record indicates that the ejectment complaint was not served in that the mobile home already was vacant.

On March 17, 2014, Appellant went to the mobile home and discovered that it was posted with a court order indicating that it could not be entered. Appellant discovered that, in a prior action instituted by Appellee against Ms. Cox, Appellee had obtained a judgment for unpaid rent that Ms. Cox owed while she was residing in the trailer. The $1,720.20 judgment was entered on August 9, 2012, and, on September 26, 2012, the same court issued an order of possession in favor of Appellee.

Appellee responded to the rule by noting that the order granting it possession was not appealed. Appellee further observed that it owned the land upon which the mobile home was located, that Ms. Cox, when she lived there, did not pay $1,720.20 in rental due for parking the trailer on its property and that, after it obtained title to the trailer, Appellant likewise did not pay rent to Appellee. Appellee presented a statement indicating that it was owed $7,223.60 in rental fees. Since Appellee had an order granting it possession and was owed rent, Appellee averred that Appellant could not remove the trailer.

After a hearing, the trial court denied Appellant's rule. It concluded that Appellee had a possessory lien against the trailer and that Appellant would be unjustly enriched if it was permitted to take possession of the

mobile home without satisfaction of the unpaid rent. The court opined that Appellee was entitled to payment for unsatisfied rental fees before Appellant could remove its mobile home from Appellee's real estate. This appeal followed.[1] Appellant raises these issues on appeal:

> 1. The trial court erred or abused its discretion in finding that S-2 Properties possessed a lien interest in the Petitioner['s] mobile home.

> 2. The trial court erred or abused its discretion in finding that Petitioner was responsible for rental payments and lot fees, particularly if owed Respondent by a former tenant.

Appellant's brief at 1.

We first must ascertain the appropriate principles to apply in this matter. Appellant instituted this lawsuit by filing a petition for rule to show cause; however, in that petition, Appellant was seeking to establish its title to the mobile home in question. Hence, this case is in the nature of a replevin action, which a plaintiff brings to demonstrate his right to take possession of personal property. *Wilson v. Highway Serv. Marineland*, 418 A.2d 462, 464 (Pa.Super. 1980) ("The gist of the action of replevin is to try the title to the chattels in question and the plaintiff's right to their

_____

[1] We note that "A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice." Comment, Pa.R.C.P. 227.1(c).

immediate possession.").[2] "To be successful in a replevin action, the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question. 'Exclusive' right of possession means only a right which excludes the defendant. Thus, a plaintiff in a replevin action must show good title and right to possession as against the defendant, but is not required to set up such a title or right as against the whole world." ***Ford Motor Credit Co. v. Caiazzo***, 564 A.2d 931, 933 (Pa.Super. 1989) (citations omitted). Under Pa.R.C.P. 1082(a), "a claim to possession based upon a lien on the property in question in a replevin action may properly be set forth as a counterclaim in the replevin action." ***Id***.

In connection with its first contention, Appellant maintains that the trial court incorrectly concluded that Appellee had a possessory lien in the mobile home pursuant to 72 P.S. § 5971i,[3] which provides that a tax sale

––––––––––––––––––––––––––––––––––––––––––

[2] No one has challenged the parties' failure to abide by the rules of civil procedure applicable to replevin actions. Due to the highly unusual manner in which this action was instituted and proceeded, we have carefully limited our analysis to a discussion of the merits of the precise issues raised in this appeal.

[3] That provision pertains to tax sales and states:

> No sale shall be valid where the taxes and interest have been paid prior to said advertisement, or where the taxes, interest, and costs have been paid after advertisement and before sale, or when such taxes are not legally due and collectible. Every such sale shall discharge the lien of every obligation, claim, lien or estate with which said property may have or shall become

*(Footnote Continued Next Page)*

charged, or for which it may become liable, **except no such sale shall discharge the lien of any ground rent,** municipal claim or tax remaining unpaid or mortgage which shall have been recorded before such taxes became liens, by return and docketing, as herein provided, and which is or shall be prior to all other liens, except other mortgages, ground rents, municipal claims, and/or other taxes. Any real estate sold under this act may be redeemed by the owner, his heirs or legal representatives, or by any lien creditor, or his heirs, assigns or legal representatives, or by anyone interested in said real estate for the benefit of the owner thereof, at any time within two years after such sale, by the payment to the county treasurers of the full amount which the purchaser paid to said treasurer for taxes, interest, and costs and fifteen per centum of the amount of tax in addition thereto. In case the purchaser has paid any taxes of any kind whatsoever, assessed and levied against said property, the same shall be reimbursed to said purchaser before any redemption shall take effect. No sale of seated lands for taxes, under the provisions of this act, shall be prejudiced or defeated by proof that there was personal property to be found on the premises sufficient to pay the taxes assessed thereon, nor shall such sale be prejudiced by reason of the fact that such lands so assessed as seated lands were at the time unseated.

When any real estate is so sold, no lien whatsoever against such real estate shall be deemed to be discharged during the period for redemption; but if such real estate is not redeemed, then all liens against the same, except such liens as are hereinbefore specifically saved, shall be deemed to be discharged from the date that the right of redemption expired.

When any real estate is so redeemed by a lien creditor, or his heirs, assigns or legal representatives, or by any person interested for the benefit of the owner, the county treasurer shall issue to the person redeeming such real estate a certificate, stating the fact of such redemption, a brief description of the real estate redeemed, and the amount of the redemption money paid, which certificate may be entered in the office of the prothonotary of the county as a judgment against the owner of the real estate for the amount stated therein. The

does not discharge a ground rent lien. Appellant observes that Appellee did not obtain title to the mobile home through a tax sale and that Appellee was not owed ground rent. We agree that the trial court should not have relied upon this statute. First, the mobile home was not purchased at a tax sale. Moreover, this action, contrary to Appellee's position, simply does not involve ground rent. Ground rent is defined as follows:

> In Pennsylvania ground rent is a "perpetual rent reserved to himself and his heirs, by the grantor of land in fee-simple, out of the land conveyed. It is in the nature of an emphyteutic [, *i.e.*, in rem] rent." Black's Law Dictionary (4th ed. 1968). Our Supreme Court, in **Pronzato v. Guerrina**, 400 Pa. 521, 163 A.2d 297 (Pa. 1960), has further defined ground rent as: "an incorporeal hereditament an interest in land distinct and separate from the land out of which it issues. A ground rent is created when the owner of land conveys his whole estate in fee simple to another, reserving for himself a rent service; the grantor has the ground rent estate and the grantee the ownership of the land subject to payment of the ground rent.

**Treasure Lake Prop. Owners Ass'n, Inc. v. Meyer**, 832 A.2d 477, 482-83 (Pa.Super. 2003) (citation omitted). In this case, Appellee did not sell the lot in fee reserving for itself a rent service fee. Instead, it owned the land and leased it for purposes of parking a mobile home on it.

---

*(Footnote Continued)* ───────────────

> lien of any such judgment shall have priority over all other liens against such real estate except such liens as would not have been discharged had no redemption been made.

72 Pa.C.S. § 5971i.

- 6 -

Despite the use of inappropriate legal precepts by the trial court and Appellee, we note that Appellant instituted this case incorrectly by petition for rule to show cause in lieu of a complaint raising a replevin cause of action. Further, even though § 5971i is inapplicable, there is ample record support for the trial court's finding that Appellee obtained a possessory lien against the mobile home.[4] Appellant openly acknowledges that Appellee obtained a judgment for unpaid rent against the former occupant of the trailer, Sharon Cox, Appellee's Exhibit 4, and it is not subject to question that Appellee obtained an order for possession. Appellee's Exhibit 5 (entering a "judgment for possession" in favor of Appellee on September 26, 2012).

Recognizing the existence of the judgment and order of possession, Appellant asserts that it has the immediate right to exclusive possession of the trailer by maintaining that the order of possession expired by its own terms because Appellee took "no further action to evict or take possession of the mobile home." Appellant's brief at 10. Appellant fails to quote the language in the order of possession upon which it premises its position that the order expired. Our independent review of the order indicates that the order of possession states that the grant of possession was premised upon

_____

[4] It is settled that an appellate court can affirm on any basis. ***Prieto Corp. v. Gambone Const. Co.***, 100 A.3d 602 (Pa.Super. 2014).

the money judgment not being satisfied by the time of eviction. Appellant thus suggests that, pursuant to this language, since Ms. Cox never was evicted, the order for possession expired.

We disagree with this position. The record establishes that Ms. Cox already had vacated the premises by the end of September, 2012, as evidenced by the fact that Appellant's own complaint in ejectment against Ms. Cox could not be served in October 2012 because the mobile home was vacant. Appellant's Exhibit 1. Thus, Appellee did not have to proceed with eviction. The money judgment was not satisfied when Ms. Cox voluntarily abandoned the premises. Since the money judgment was not satisfied at any point and since the matter did not proceed to eviction, the language in the order of possession was never implicated, and the order of possession remained undisturbed. Additionally, Appellant's claim that Appellee took no further action to take possession of the mobile home is misguided. Appellee already had possession of the mobile home since it was located on its land. Appellee also posted the trailer with a court order stating that it could not be entered. As there is record support for the trial court's determination that Appellee had a possessory lien with respect to the mobile home, the trial court did not abuse its discretion in so concluding.[5]

_____

[5] Appellant maintains that Appellee was required to place the trailer in storage after it was vacated. Appellant's brief at 11. It relies upon the

*(Footnote Continued Next Page)*

J-A07012-16

Manufactured Home Community Rights Act, 68 P.S. 250.101, *et seq.* (the "Act"). However, the section of the Act relied upon by Appellant has been repealed. ***See*** 68 P.S. § 250.505 (Repealed by 2012, Oct. 24, P.L. 1267, No. 156, § 3(2), effective in 60 days [Dec. 24, 2012]). Instead, the Act does not **mandate** that a vacant trailer be placed in storage; it merely permits the owner of the real estate to take that action:

> (a) If a resident abandons a manufactured home, the manufactured home community owner or other authorized person **may**:
>
> > (1)(i) enter the manufactured home and secure any appliances, furnishings, materials, supplies or other personal property in the manufactured home;
> >
> > (ii) disconnect the manufactured home from any utilities; and
> >
> > (iii) otherwise exercise ordinary care in relation to the manufactured home and personal property, including promptly disposing of perishable food and contacting an animal control agency or humane society to remove any abandoned pets.
> >
> > (2)(i) **Move the manufactured home, any personal property inside the manufactured home and personal property located within the manufactured home community that is believed to belong to the resident to a storage area** within the manufactured home community or to another location deemed necessary and proper without the requirement of obtaining a removal permit for the manufactured home from the local taxing authority which would otherwise be required under 53 Pa.C.S. § 8821(d) (relating to assessment of mobile homes and house trailers). Prior to moving the manufactured home and personal property, the community owner shall notify the former manufactured home resident by mail and by posting on the manufactured home and at any other

Appellant also challenges the trial court's alternative conclusion that Appellant, under the doctrine of unjust enrichment, was required to satisfy unpaid rent before acquiring the mobile home.

> The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched.
>
> Moreover, the most significant element of the doctrine is whether the enrichment of the defendant is **unjust***.*

*Joyce v. Erie Ins. Exch*., 74 A.3d 157, 169 (Pa.Super. 2013) (emphasis in original; citation omitted).

In this case, the allegations in Appellant's complaint in ejectment against Ms. Cox, which is an exhibit of record, establish that Appellant was fully aware that the mobile home was located on land owned by Appellee. *Cf. State Farm Mut. Auto. Ins. Co. v. Jim Bowe & Sons, Inc*., 539 A.2d

*(Footnote Continued)* ───────────────

> known address or by any other means by which notice may be achieved. The notice shall state that the manufactured home and personal property, if applicable, will be moved 60 days after the date of notice and shall inform the former resident of the new location of the manufactured home and personal property.

68 P.S. § 398.10.2 (emphases added).

- 10 -

391 (Pa.Super. 1988) (owner of chattel not responsible for storage fees under doctrine of unjust enrichment when fees were incurred prior to time owner became aware of location of stored item). After it acquired title to the mobile home in June 2010, Appellant did not make any effort to ascertain whether Ms. Cox actually was satisfying her rental obligations. Then, as of October 2012, Appellant knew that Ms. Cox had vacated the trailer as the sheriff's return for its unserved ejectment complaint set forth that fact. Thereafter, Appellant did not have any reason to believe that Ms. Cox was paying rent. It did not, from October 2012 to April 2014, when it instituted this lawsuit, attempt to satisfy all the rent accruing after Ms. Cox left the property. Thus, the trial court did not abuse its discretion in holding that Appellant would be unjustly enriched if it were permitted to remove the trailer from Appellee's land without paying the rent due and owing for the period that Appellant owned the mobile home and it was located on Appellee's property.

Order affirmed.

Judge Mundy joined majority.

Judge Jenkins concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016