J-S39019-23

2023 PA Super 269

| | | |
|---|---|---|
| BRENDA BARTLETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELLE DEMICH AND MARYJO | : | No. 446 MDA 2023 |
| ENGLEMAN | : | |

Appeal from the Order Entered February 22, 2023
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2023-01990

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY McLAUGHLIN, J.:                **FILED: DECEMBER 20, 2023**

Brenda Bartlett appeals from the order of the trial court finding she failed to sustain her burden in this replevin action and finding that Rescue Warriors Cat Rescue owned and had the right to possess Toby the cat. We affirm.

Toby the cat was a foster cat placed with Bartlett by Rescue Warriors Cat Rescue, and he resided at Bartlett's store, Village Pet Supplies and Gifts. Rescue Warriors Cat Rescue is headed by Michelle Demich, and MaryJo Engleman assists her at the non-profit organization.

In February 2023, Demich and Engleman removed Toby from Bartlett. Bartlett filed a complaint in replevin seeking an order directing Demich and Engleman to return Toby. She also raised claims of conversion by extortion,

breach of a verbal contract, and unjust enrichment. In addition, she filed a motion for *ex parte* relief and writ of seizure.

The trial court issued a rule to show cause on the motion for *ex parte* relief and writ of seizure. At a hearing, the parties presented witnesses and conducted cross-examination of witnesses. After the hearing, the trial court issued the following findings of fact:

> 1. [Bartlett] is the owner of Village Pet Supplies and Gifts.
>
> 2. [Demich] is an adult individual and the head of Rescue Warriors Cat Rescue, a 501(c)(3) charitable organization.
>
> 3. [Englehart] is an adult individual who assists Demich at the Rescue Warriors Cat Rescue.
>
> 4. Rescue Warriors Cat Rescue does not have a shelter location but rather rescues cats and either places them with individuals as fosters or places them with individuals who adopt the cat.
>
> 5. The subject of this litigation is a male cat named Toby.
>
> 6. At some point in 2019, Toby was placed as a foster with Bartlett at Village Pet Supplies and Gifts.
>
> 7. The cat resided in the store at Village Pet Supplies and Gifts from the date of placement until February 9, 2023 when Demich and Engleman on behalf of Rescue Warriors Cat Rescue took back Toby and all other cats that were placed at Village Pet Supplies and Gifts.
>
> 8. Bartlett over the course of years has donated personal funds to Rescue Warriors Cat Rescue and has also raised funds for Rescue Warriors Cat Rescue.
>
> 9. Bartlett has paid for the food for Toby and has provided housing for him at her store.
>
> 10. Bartlett has employees who have also cared for Toby and have provided Toby with his medication.

11. Demich and Engleman on behalf of Rescue Warriors Cat Rescue have paid for most of Toby's veterinary appointments and for medications/treatment.

12. Demich and Engleman on behalf of Rescue Warriors Cat Rescue would transport Toby for veterinary appointments. During that time the cat would stay overnight with a representative of Rescue Warriors Cat Rescue for the night preceding veterinary care and then would be returned to Village Pet Supply and Gifts the following day.

13. Toby is microchipped and the certificate lists Rescue Warriors Cat Rescue as the owner.

14. All of the veterinary records for Toby list Rescue Warriors Cat Rescue as the owner with Demich being primary contact.

Order, Findings of Fact and Conclusions of Law, filed Feb. 22, 2023, at 1-2.

The trial court concluded that Bartlett failed to sustain her burden. It reasoned that it "was undisputed that the cat was placed at the Village Pet Supply and Gifts store as a foster placement," and "no evidence . . . would suggest that ownership of the subject cat lies with Bartlett." *Id.* at 3. It found that "[t]he placement of the cats in foster care by Rescue Warrior Cat Rescue together with the fact that the chip registry and all veterinary records list Rescue Warriors Cat Rescue as the owner supports the finding that ownership and right of possession of Toby is with Rescue Warriors Cat Rescue." *Id.*[1]

---

[1] Because the order determined ownership of Toby and found Bartlett did not sustain her burden in the replevin action, we conclude the order was a final order. *See* Pa.R.A.P. 341(a) (stating an appeal can be taken as of right from a final order), (b) (defining final order as, among other things, any order that disposes of all claims and all parties).

Bartlett filed a timely notice of appeal. In both her concise statement of errors complained of on appeal and in the statement of questions involved section of her appellate brief, Bartlett raises the following issues:

1. The Trial Court erred as a matter of law and/or abused its discretion in finding that [Bartlett] did not meet her burden, finding, "there is no evidence before the Court that would suggest that the Ownership of the subject cat lies with Bartlett," despite testimony that the subject animal resided in the near exclusive possession of [Bartlett] for nearly four years, along with additional testimony and evidence provided as Exhibits to [Bartlett's] Complaint. *citing Madero v. Officer Luffey, et. al* Civ. Act. No. 2:19-cv-700 (W.D. Pa. 2020), *Beard v. Mossman*, L44 Pa. Super[.] 508, 508 (Pa. Super. Ct. 1941).

2. The Trial Court erred as a matter of law and/or abused its discretion in finding veterinarian records and microchip records, which the veracity of was not testified to by the record-producer, as credible evidence of ownership.

3. The Trial Court erred as a matter of law in finding veterinarian records and micro-chip record certificates as determinative evidence of ownership of the subject animal. *citing Madero v. Officer Luffey, et. al.* Civ. Act. No. 2:19-cv-700 (W.D. Pa. 2020)[.]

4. The Trial Court erred as a matter of law and/or abused its discretion in not giving significant weight to the financial investment by [Bartlett] in [Rescue Warriors Cat Rescue] and to [Bartlett's] financial investment in the care of the subject animal, in the Court's February 21st, 2023[2] Order.

5. The Trial Court erred as a matter of law and/or abused its discretion in disregarding both [Demich's and Engleman's] statements that each did not have

_____

[2] The trial court's order was dated February 21, but filed February 22, 2023.

> [Bartlett's] permission to enter her store and retrieve the subject animal, in the court's February 21st, 2023 Order.
>
> 6. The Trial Court erred as a matter of law and/or abused is discretion in stating "the placement of the cats in foster care by Rescue Warrior Cat Rescue together with . . ." as a basis for its determination, despite testimony produced at trial distinguishing ownership of the subject animal from other fosters [Demich and Engleman] had placed with [Bartlett]. (Transcript at 7; 17-22; 27; 30-31; 40; 41-42), in the Court's February 21st, 2023 Order.

Bartlett's Br. at 2-3 (answers below omitted); **see also** Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.C.P. 1925(b), filed Apr. 10, 2023.

Although Bartlett includes six issues in the statement of questions involved section of her brief, she argues only two issues in the brief's argument section—whether the court erred in reaching a final determination as to ownership after a hearing on the writ of seizure and whether the court erred in finding Rescue Warriors Cat Rescue owned Toby.

Bartlett waived her claim that the court should not have reached a final determination as to ownership of Toby after the hearing on the writ of seizure. She did not include this issue in her Rule 1925(b) statement or the statement of questions involved section of her brief, and therefore waived it for appellate review. Failure to include an issue in a concise statement of issues raised on appeal results in waiver of the issue. Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Furthermore, this issue does not appear in the statement of questions involved. This Court will

not consider any question "unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).

Bartlett next argues that she is the true owner of Toby. She states that the legislature has defined the "owner" of a "domestic animal" as "a person owning, possessi[ng] or harboring any domestic animal" and has provided that the "term shall also include any person who allows a domestic animal habitually to remain about the premises inhabited, managed or owned by such person." Bartlett's Br. at 11 (quoting 3 Pa.C.S.A. § 2303). She maintains that for the past four-and-a-half years she was the person owning, possessing, or harboring Toby. She argues that although Rescue Warriors Cat Rescue provided veterinary care and medicine for Toby, this should not be a determinative factor. She maintains Demich and Engleman should not have an unfettered right to take back each animal they place in a foster home. She contends that to have such a right, they should have had a contract with foster homes, like they do with those that adopt.

Bartlett further argues the court erred when it determined the ownership of the cat based on microchip and veterinary records. She maintains the court should have considered other factors, such as that Toby resided in her place of business for four-and-a-half years, that she provided financial support to Rescue Warriors Cat Rescue, and that Demich and Engleman had returned Toby on prior occasions. She argues that other states have begun to adopt custody laws regarding animals, which she alleges use many of the factors she cites.

- 6 -

This is a weight of the evidence claim. We review a weight claim for an abuse of discretion. ***In re Estate of Smaling***, 80 A.3d 485, 490 (Pa.Super. 2013) (*en banc*). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Id.*** (quoting ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013)).

Because Bartlett did not raise it before the trial court, she has waived her weight of the evidence claim. Pa.R.C.P. 227.1(b)(2), (c)(2); ***Bensinger v. Univ. of Pittsburgh Med. Ctr.***, 98 A.3d 672, 685 (Pa.Super. 2014). Moreover, even if she had not waived it, we would find it meritless.

Replevin is an action to regain possession of property. ***Int'l. Elecs. Co. v. N.S.T. Metal Prods. Co.***, 88 A.2d 40, 42 (Pa. 1952). "To be successful in a replevin action, the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question." ***Ford Motor Credit Co. v. Caiazzo***, 564 A.2d 931, 933 (Pa.Super. 1989). "'Exclusive' right of possession means only a right which excludes the defendant." ***Id.*** The plaintiff "must show good title and right to possession as against the defendant, but is not required to set up such a title or right as against the whole world." ***Id.***

Following the hearing, the trial court concluded that it was "undisputed that the cat was placed at the Village Pet Supply and Gifts store as a foster placement." Order, Discussion, filed Feb. 22, 2023, at 3. It pointed out that

there was no evidence before it "that would suggest that ownership of [Toby] lies with Bartlett." *Id.* It reasoned that "[t]he placement of the cats in foster care by Rescue Warrior[s] Cat Rescue together with the fact that the chip registry and all veterinary records list Rescue Warriors Cat Rescue as owner supports the finding that ownership and right of possession of Toby is with Rescue Warriors Cat Rescue." *Id.*

In its Rule 1925(a) opinion, the trial court explained that the ruling "was reasoned within the context of the foster arrangement and its distinction from adoption or other transfer of ownership." Trial Court Opinion, filed June 20, 2023, at 3. It found that "[t]he microchip certification, veterinary records, financial obligations borne by [Rescue Warriors Cat Rescue] and [Demich and Engleman's] continued involvement overcame Bartlett's strength of title." *Id.* The court pointed out that Rescue Warriors Cat Rescue was an organization that engaged in the fostering of cats, and it "maintained [itself] as the owner of Toby through microchip certification, veterinary records, and by taking him to his veterinary appointments." *Id.* The court found that those actions, "combined with paying for most of Toby's veterinary appointments and medication, amount[ed] to the evidence of Rescue Warrior's ownership as to Toby." *Id.*

The court reasoned that fostering results in placing possession of an animal with another person, but that fostering is distinguished from transfer of ownership through adoption. *Id.* at 3-4. The court noted that "[i]f daily physical possession and routine care were solely determinative of ownership,

this type of charitable arrangement would not be possible." *Id.* at 4. It noted that Demich and Engleman visited the store multiple times a week and were contacted when there was an urgent need regarding Toby and concluded that Rescue Warriors Cat Rescue never relinquished ownership of Toby. *Id.*

The record supports the court's factual findings and it did not abuse its discretion in finding the evidence supported a determination that Rescue Warriors Cat Rescue owned Toby. Bartlett was fostering Toby, but ownership of the cat never transferred.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2023