J-S44035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RACHEL SNYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLENN SNYDER | : | |
| | : | |
| Appellant | : | No. 2870 EDA 2022 |

Appeal from the Order Entered October 20, 2022
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): 2021-00890,
PACSES: 263300958

| | | |
|---|---|---|
| GLENN SNYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RACHEL SNYDER | : | No. 2871 EDA 2022 |

Appeal from the Order Entered October 18, 2022
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): 2021-01459,
PACSES: 349301144

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 24, 2024**

Glenn Snyder ("Father") appeals from an October 18, 2022 order

directing him to pay his wife, Rachel Snyder ("Mother"), child support in the

_____

[*] Retired Senior Judge assigned to the Superior Court.

amount of $509.53 per month, plus arrears, and an October 20, 2022 order denying his request for alimony *pendente lite* ("APL"). We affirm.

Father and Mother were married in 2016, and they have two children together, who were born in 2015 and 2018 ("Children"). Both Children have severe medical issues, with the younger child suffering from a rare genetic disorder that requires around-the-clock nursing care while the older child has psychiatric and coronary conditions. N.T., 9/12/22, at 22-25, 39. Mother filed a divorce complaint in November 2020. **Id.** at 5. Mother has physical custody of Children with Father having limited visitation and few, if any, overnight visits with Children. N.T., 10/18/22, at 29-30, 139-44.

Mother is employed as a social worker at a hospital, with a salary slightly in excess of $100,000 per year. N.T., 9/12/22, at 21; N.T., 10/18/22, at 13-14, 167-68, 170. Father works as a part-time laborer working on construction and home remodeling jobs, earning $10 per hour, paid in cash. N.T., 9/12/22, at 31-32; N.T., 10/18/22, at 129, 134-36. Father suffers from migraines, bulging discs, arthritis, and bone spurs, which he claims prevent him from working more hours. N.T., 10/18/22, at 135-36. Father has also previously earned royalties through a gas lease on property he owns in the Poconos in the past, although it was disputed whether he was still receiving payments on the lease as of the date of the hearing. N.T., 10/18/22, at 130-31, 146-47, 158, 165. Father lives in his mother's home and claims he cannot afford to find his own apartment. N.T., 10/18/22, at 137, 147-48, 155.

Mother filed a complaint seeking child support on July 12, 2021, and Father filed a complaint for APL on October 29, 2021. A child support order was entered initially as to the younger child on October 20, 2021, as Father was contesting paternity of the older child, who was born prior to the marriage. After Father acknowledged his paternity of the older child and Mother filed a petition to modify child support, a hearing was held before a hearing officer on April 25, 2022, addressing both child support and APL. The child support and APL orders were entered on that date, and Mother filed *de novo* appeals from these orders.

Hearings were held before the trial court on September 22 and October 18, 2022. On October 18, 2022, the trial court issued an order directing Father to pay child support in the amount of $509.53 per month, consisting of $352 in base support and additional amounts for daycare, camp, medical insurance, and school fees. Order, No. 2021-01459, at 2. Father was also ordered to pay $50.95 per month in arrearages from the date of filing of the custody complaint. *Id.* The child support award was based upon net monthly income of $6,409.86 for Mother and $1,464.13 for Father. *Id.* The trial court refused Mother's request to impute additional income to Father based upon her claim that he was in fact earning $45, rather than $10, per hour, in part on the basis that Mother acquiesced to Father reporting no income on their jointly filed tax returns during the marriage. N.T., 9/12/22, at 31-32; N.T., 10/18/22, at 190-91. On October 20, 2022, the trial court issued an order that denied Father's request for APL. Order, No. 2021-00890, at 1; *see also* N.T., 10/18/22, at

186-89. Father filed appeals from both of these orders, which were consolidated *sua sponte* by this Court.[1]

Father raises three issues before this Court, arguing that the trial court erred by (1) failing to consider evidence presented at the February 22, 2022 hearing, (2) improperly denying his claim for APL, and (3) miscalculating his child support obligation.[2]

We first address the question of whether Father's issues are preserved for our review, as the trial court found that all of his claims of error were waived as not being adequately raised in his Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal. **See** Trial Court Opinion, No. 2021-01459, at 3-6; Trial Court Opinion, No. 2021-00890, at 3-6. "It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020); **see also** Pa.R.A.P. 1925(b)(4)(vii);

---

[1] Father filed Pa.R.A.P. 1925(b) statements on May 12, 2023. The trial court issued its corresponding opinions on May 18, 2023.

[2] Father states five questions to be addressed in his brief, but two of these are generic claims of error that do not present discrete questions for our review. **See** Father's Brief at 10 (asking whether the trial court decision was "contrary to the substantial evidence and an abuse of discretion" and whether the court "disregard[ed] the evidence of record in this matter"). We have rephrased Father's remaining questions because they do not accurately correspond to the argument section of his brief. We remind counsel of the obligation under our appellate rules to accurately and concisely state the questions that are sought to be reviewed by the appellate court. **See** Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail.").

*Bartlett v. Demich*, 307 A.3d 736, 740 (Pa. Super. 2023). "An appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal." *Satiro v. Maninno*, 237 A.3d 1145, 1150 (Pa. Super. 2020); *see also* Pa.R.A.P. 1925(b)(4)(ii); *Bonnett*, 239 A.3d at 1106.

We agree with the trial court that Father waived his first claim that the court failed to consider evidence presented at a February 22, 2022 hearing; Father simply alleged that the court "disregard[ed] essential evidence" from this hearing, *see* Rule 1925(b) Statement, No. 2021-01459, ¶3(a); Rule 1925(b) Statement, No. 2021-00890, ¶3(a), without stating what this evidence was.[3] We also agree with the trial court that errors in Father's Rule 1925(b) statements corresponding to his second and third issues on appeal lack specificity as he merely cites various provisions of the support guidelines, without precisely identifying how they were improperly applied in this case. *See* Rule 1925(b) Statement, No. 2021-01459, ¶3(b); Rule 1925(b) Statement, No. 2021-00890, ¶3(b). Nevertheless, we do not find that Father has waived his general challenges to the lower court's decision to deny him APL and the miscalculation of child support, claims the lower court addressed

---

[3] This claim of error would likewise be subject to waiver on the grounds that Father did not specify in his appellate brief what the "essential evidence" from this hearing was that the trial court overlooked. *See Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018) (undeveloped claim in appellate brief is subject to waiver).

in its Rule 1925(a) opinions. We therefore proceed to address the merits of those issues.

Our review of support orders is limited to determining whether the trial court abused its discretion and whether there is competent evidence to support the order. **M.E.W. v. W.L.W.**, 240 A.3d 626, 634 (Pa. Super. 2020); **Ileiwat v. Labadi**, 233 A.3d 853, 859-60 (Pa. Super. 2020). "An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." **M.E.W.**, 240 A.3d at 634 (citation omitted). Our role as an appellate court "does not include making independent factual determinations," and "with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand." **Id.** (citation omitted).

The Divorce Code provides that, "[i]n proper cases, upon petition, the court may allow a spouse reasonable" APL, which is defined as "[a]n order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S. §§ 3103, 3702(a). "APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare." **Ileiwat**, 233 A.3d at 860 (citation omitted); **see also Cook v. Cook**, 186 A.3d 1015, 1023 (Pa. Super. 2018).

When ruling on the claim for APL, the trial court shall consider the duration of the marriage as well as following factors: "the ability of the other party to pay; the separate estate and income of the petitioning party; and the character, situation, and surroundings of the parties." *Ileiwat*, 233 A.3d at 860 (quoting *Childress v. Bogosian*, 12 A.3d 448, 463 (Pa. Super. 2011)); *see also* Pa.R.Civ.P. 1910.16-1(c)(2).

While APL is a temporary award dependent on a spouse's need for maintenance and professional services in divorce litigation, "[t]he principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses." *S.M.C. v. C.A.W.*, 221 A.3d 1214, 1217 (Pa. Super. 2019); *see also Ileiwat*, 233 A.3d at 860 n.5. A parent's duty to financially support his or her child is absolute even if doing so requires hardship or sacrifice. *Yerkes v. Yerkes*, 824 A.2d 1169, 1171 (Pa. 2003); *E.R.L. v. C.K.L.*, 126 A.3d 1004, 1006 (Pa. Super. 2015). To that end, "child support awards are calculated in accordance with specific statutory guidelines, using a complex system that accounts for the obligor's capacity to pay and the reasonable needs of the particular children." *Sichelstiel v. Sichelstiel*, 272 A.3d 530, 534 (Pa. Super. 2022); *see also* 23 Pa.C.S. § 4322(a); Pa.R.Civ.P. 1910.16-1 to 1910.16-7. "In each child support matter, the support contribution indicated by the guidelines is entitled to a strong presumption of correctness." *Yerkes*, 824 A.2d at 1171; *see also* 23 Pa.C.S. § 4322(b).

Father's arguments concerning the denial of his request for APL and the award of child support to Mother are inter-related. He contends that due to the net differential in income between Mother and Father, as well as limitations on Father's ability to work for health reasons, he should have been awarded APL in the amount of $1,483.72. Father's Brief at 16. Based upon the post-APL income of the parties, Father asserts that the trial court should have then calculated him to owe 37.4% of the child support obligation, or $742.02 per month. *Id.* Under Father's calculations, he would be entitled to a net support award of $741.70 in his favor, as compared to the current requirement that he pay Mother $509.53 per month in child support with no APL accruing to Father. *Id.* Father asserts that "there is a suggestion of bias against Father in disallowing APL," because if the situation were reversed and Father earned in excess of $100,000 per year while Mother was disabled, earning a limited income, and living with her elderly mother and unable to care for Children, the trial court would have directed Father to pay APL for the duration of the litigation. *Id.* at 17.

In its opinion addressing the denial of APL, the trial court listed the following factors that it considered when arriving at its decision:

> [Father] lives with his parents, [Father] stated to the trial court that he "had some expenses[,]" [C]hildren have extensive medical care needs, [Father] had no overnight visitation with [C]hildren nor did [Father] have any substantial visitation with [C]hildren, [Father] has undocumented income from a gas lease of his Pocono property, [Mother] alleges that [Father] hides cash at his mountain property, [Father] stated that he pulled his money out of the bank, [Father] has seven vehicles, [Mother] pays for the

health insurance of [Father], and the parties were married for 3-4 years prior to the date of separation.

Trial Court Opinion, No. 2021-01459, at 6.

The trial court additionally noted at the October 18, 2022 hearing that it was denying APL based upon the fact that Mother had limited disposable income, and she has expended various amounts that would not even be accounted for in the child support order, including for babysitting and nearly $3,000 for Children to attend camp. N.T., 10/18/22, at 186-87. The court stated that Father also offers little support to Mother as Children do not spend 30% of the time with him as presumed in the basic child support schedule, and he admitted that he is unable to take Children overnight unless he asks his mother's permission. *Id.* at 186-88, 190; *see* Pa.R.Civ.P. 1910.16-1, Explanatory Comment—2010 ("[T]he amounts of basic child support were adjusted to incorporate into the schedule the assumption that the children spend 30% of the time with the obligor and that the obligor makes direct expenditures on their behalf during that time."). Moreover, the court also found Father not credible regarding his financial position, finding Mother's testimony more credible than Father on the disputed topics of whether he could earn more than $10 per hour, whether he has unreported gas income from his Poconos property, and whether he has buried large amounts of cash at that location. N.T., 10/18/22, at 170, 189-90.

Upon a thorough review of the record, we conclude that the trial court's decision to deny APL was supported by competent evidence and not an abuse

of discretion. *See* N.T., 9/12/22, at 31-32, 34, 36-39; N.T., 10/18/22, at 29-30, 64-65, 131-32, 137, 155-60. As the trial court aptly recognized, the decision of whether to grant APL is not based simply upon the disparity in the parties' resources but rather is left to the court's sound discretion when considering the case as a whole. *See* 23 Pa.C.S. § 3702(a) ("**In proper cases**, upon petition, the court **may allow** a spouse reasonable alimony pendente lite . . . .") (emphasis added); *Nemoto v. Nemoto*, 620 A.2d 1216, 1221 (Pa. Super. 1993) ("A grant of APL by the trial court is not a matter of right to either party."); N.T., 10/18/22, at 187. The trial court fully considered the relevant factors in weighing whether to grant APL, including the marriage's duration, the ability of Mother to pay, Father's income and resources, and "the character, situation, and surroundings of the parties." *Ileiwat*, 233 A.3d at 860 (citation omitted); *see also* Pa.R.Civ.P. 1910.16-1(c)(2).

While Father denied burying money on his property and continuing to receive income from the gas lease and he claimed that he was incapable of earning more as a laborer, N.T., 10/18/22, at 130-31, 137, 134-36, 165-66, the trial court was within its authority as factfinder to reject this testimony as not credible. *See id.* at 170, 189-90 (trial court stating that it found Father's testimony not credible with respect to his finances and ability to generate higher wages); *M.E.W.*, 240 A.3d at 634. Furthermore, Father points to nothing in the record showing the trial court's bias towards Mother based on her sex, and we have likewise found no evidence that the court engaged in anything but a careful and impartial consideration of the parties'

- 10 -

circumstances and need for support. We therefore find no merit to Father's challenge to the denial of his APL complaint.

Father's argument with respect to the child support order is contingent upon this Court determining that the lower court should have awarded him APL: under his theory, if the trial court granted his APL complaint, he would have been required to pay more in child support, but the net support award would accrue to his benefit. Having found that the trial court did not err or abuse its discretion in denying APL and as Father raises no specific challenge to the child support computation under the support guidelines,[4] we also see

---

[4] Father discusses two of the support guideline provisions in the argument section of his brief, Rules 1910.16-2 and 1910.16-3, but he does not allege any error in the trial court's application of these rules. Instead, he simply notes that his limited income and number of children placed him in the "shaded area" of the basic child support schedule of Rule 1910.16-3, triggering the court's obligation to calculate child support in accordance with the low-income case requirements of Rule 1910.16-2(e)(1) with reference to his Self-Support Reserve ("SSR"), or the minimum income required to meet basic needs. **See** Father's Brief at 15; Pa.R.Civ.P. 1910.16-2(e)(1)(i)-(ii), 1910.16-3; Trial Court Opinion, No. 2021-00890, at 6 (acknowledging that Father's base child support obligation of $352 was in the "shaded area" of the schedule). With the additional expenses awarded under Rule 1910.16-6 included, the child support award brought Father's income below the SSR, which is $1,063 per month. Pa.R.Civ.P. 1910.16-2(e)(1)(i)(B); Order, No. 2021-01459, at 2 (child support award leaving Father with $954.60 in monthly income, or $903.65 with arrearages). However, an award that brings an obligor under the SSR is not *per se* illegal under the support guidelines and is permissible if the court considers "the parties' actual financial resources and living expenses." Pa.R.Civ.P. 1910.16-2(e)(1)(ii)(C). The trial court quite clearly did consider the parties' resources and expenses, including that Father lives with his mother and has limited expenses, Children have extensive medical and daycare needs that will not be reimbursed through the child support order, and Father has additional resources, including cash savings, at

*(Footnote Continued Next Page)*

no basis to disturb the child support award. We therefore find no merit to these appeals and affirm the trial court's October 18, 2022 and October 20, 2022 orders.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2024

---

least seven vehicles, and income from a gas lease on a property he owns. *See* Trial Court Opinion, No. 2021-00890, at 6 (discussing basis for inclusion of additional expenses in award); N.T., 10/18/22, at 187-93, 206 (same). The trial court's reasoning is supported by the record. Therefore, even if Father raised an argument in this appeal concerning the computation of his child support obligation relative to the SSR, we would find it meritless.