J-A04028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARK AND KATHLEEN GOWARTY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROMAN FREITER | : | No. 314 MDA 2025 |

Appeal from the Judgment Entered April 25, 2025
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2016-01816

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: APRIL 14, 2026**

Appellants, Mark and Kathleen Gowarty, appeal from the judgment entered in the Luzerne County Court of Common Pleas, in favor of Appellee, Roman Freiter.  We affirm.

The relevant facts and procedural history of this appeal are as follows. In 2007, the parties entered into an informal agreement concerning a home for sale at 84 Govier Street in Wilkes-Barre.  The Gowartys wanted to purchase the home, but they had trouble obtaining a mortgage.  Their acquaintance, Mr. Freiter, offered to assist with the purchase, and he "was supposed to be the banker" for the Gowartys.  (N.T. Trial, 12/11/24-12/12/24, at 37).  Thus, the Gowartys paid the down payment and closing costs for the property.  Mr. Freiter paid the remainder of the sale price, and the property was titled in his name.  The Gowartys subsequently made monthly payments to Mr. Freiter to

purchase the property outright. According to Mr. Freiter: "[I]t was roughly $600, $650 for their monthly payment. That was a 30-year variable rate mortgage; and, they said, yeah, we can do it. We're fine." (*Id.* at 166). Eventually, the Gowartys fell behind on their monthly payments. On August 3, 2015, Mr. Freiter obtained an order evicting the Gowartys from the property.

On February 26, 2016, the Gowartys filed a complaint sounding in conversion and replevin. The complaint alleged that the Gowartys left a substantial amount of personal property inside the residence at 84 Govier Street following the eviction.[1] The Gowartys valued these items in excess of $100,000. The complaint also alleged that Mr. Freiter "has and continues to unlawfully and wrongfully hold [this property] in his possession[.]" (Complaint, filed 2/26/16, at ¶9). Consequently, the complaint requested relief including the return of the personal property or a payment to cover its cost.

Thereafter, the case experienced a series of delays and continuances.[2] Ultimately, Mr. Freiter filed an answer to the complaint on February 22, 2024,

---

[1] The complaint included a 22-page, handwritten list of items including antiques, appliances, furniture, and automotive collectibles. (**See** Complaint, filed 2/26/16, at Exhibit A).

[2] The delays coincided with a separate civil action brought by the Gowartys against Mr. Freiter for violations of the Uniform Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-3. The UTPCPL matter proceeded
*(Footnote Continued Next Page)*

and the parties proceeded to a jury trial. Both the Gowartys and Mr. Freiter testified at trial. On December 12, 2024, the jury found that Mr. Freiter was not liable for replevin or conversion of the Gowartys' personal property.

The Gowartys timely filed post-trial motions on Monday, December 23, 2024. The Gowartys' filing included a motion to set aside the verdict, motion for a new trial, and motion for judgment notwithstanding the verdict ("JNOV"). The Gowartys' motions revolved around their assertion that the jury's verdict was contrary to the weight of the evidence. The court denied the Gowartys' motions on February 4, 2025.

The Gowartys filed a notice of appeal on March 4, 2025. The following day, the court ordered the Gowartys to submit a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The Gowartys timely filed their Rule 1925(b) statement on March 25, 2025. On April 25, 2025, the Gowartys filed a *praecipe* to enter judgment in favor of Mr. Freiter.[3]

---

to a bench trial. On June 4, 2021, the court ruled in favor of the Gowartys and awarded damages in the amount of $53,022.42. (**See** Plaintiff's Trial Exhibit 1).

[3] An appeal properly lies from the entry of judgment, not from an order denying a post-trial motion. **See Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511 (Pa.Super. 1995). A final judgment that is entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction. **See Drum v. Shaull Equipment and Supply, Co.**, 787 A.2d 1050, 1052 n.1 (Pa.Super. 2001). Here, the Gowartys filed a premature notice of appeal on March 4, 2025, prior to the entry of judgment. Nevertheless, the record reflects that judgment was subsequently entered. In accordance with the Pennsylvania Rules of Appellate Procedures, we treat the
*(Footnote Continued Next Page)*

The Gowartys now raise two issues for this Court's review:

> Whether the trial court committed plain error in denying the [Gowartys'] motions for a new trial, to set aside the verdict and/or for [JNOV]?

> Whether the [trial] court abused its discretion in denying [the Gowartys'] motions for a new trial, to set aside the verdict and/or for [JNOV]?

(The Gowartys' Brief at 4).

The Gowartys' issues are related, and we address them together. The Gowartys continue to attack the jury's verdict as being against the weight of the evidence. Specifically, the Gowartys argue that their testimony provided sufficient proof of Mr. Freiter's "intent to exercise dominion or control over the goods, which was … inconsistent with the Gowartys' rights." (*Id.* at 14). The Gowartys emphasize their testimony about "the types of personalty they lost to Mr. Freiter, as well as … their opinion as to values" of the items. (*Id.* at 15). Regarding damages, the Gowartys maintain that

> the jury was required to consider the evidence of damages presented by [the Gowartys]; no evidence of valuation was presented by [Mr. Freiter]. Accordingly, the jury was required to find the Gowartys' evidence more credible.

(*Id.* at 20). Further, the Gowartys rely on their victory in the UTPCPL action, claiming that Mr. Freiter has engaged "in more than one false, misleading, or deceptive act or practice which [the Gowartys] detrimentally relied upon."

_____

Gowartys' notice of appeal as if it was filed after the entry of judgment and on the date thereof. *See* Pa.R.A.P. 905(a)(5). Accordingly, the instant appeal is properly before this Court.

- 4 -

(*Id.* at 17). The Gowartys conclude that the trial court erred and abused its discretion in denying their post-trial motions, and this Court must grant relief in the form of a new trial. We disagree.

"[O]ur standard of review when faced with an appeal from the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion." *Heffelfinger v. Shen*, 342 A.3d 711, 720 (Pa.Super. 2025), *appeal denied*, 2026 WL 263279 (Pa. Feb. 2, 2026) (quoting *Blumer v. Ford Motor Co.*, 20 A.3d 1222, 1226 (Pa.Super. 2011)). "[A]buse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or ill will." *Caranci v. Monsanto Company*, 338 A.3d 151, 160 (Pa.Super. 2025) (quoting *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 984 (Pa.Super. 2005)).

To the extent the Gowartys also challenge the denial of their request for JNOV, we add:

> In reviewing a trial court's decision whether or not to grant judgment in favor of one of the parties, we must consider the evidence, together with all favorable inferences drawn therefrom, in a light most favorable to the verdict winner. Our standards of review when considering motions for a directed verdict and [JNOV] are identical. We will reverse a trial court's grant or denial of a [JNOV] only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.

> There are two bases upon which a [JNOV] can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in his favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

**Reott v. Asia Trend, Inc.**, 7 A.3d 830, 835 (Pa.Super. 2010), *aff'd*, 618 Pa. 228, 55 A.3d 1088 (2012) (quoting **Campisi v. Acme Markets, Inc.**, 915 A.2d 117, 119 (Pa.Super. 2006)).

The following principles apply to this Court's review of a challenge to the weight of the evidence:

> Appellate review of a weight claim is a review of the trial court's exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence….
>
> The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court may award a judgment notwithstanding the verdict or a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be

- 6 -

granted where the facts and inferences of record disclose a palpable abuse of discretion. When a fact finder's verdict is so opposed to the demonstrative facts that looking at the verdict, the mind stands baffled, the intellect searches in vain for cause and effect, and reason rebels against the bizarre and erratic conclusion, it can be said that the verdict is shocking.

However, if there is any support in the record for the trial court's decision to deny the appellant's motion for a new trial based on weight of the evidence, then we must affirm. **An appellant is not entitled to a new trial where the evidence presented was conflicting and the fact-finder could have decided in favor of either party.**

*Constantine v. Lenox Instrument Company, Inc.*, 325 A.3d 725, 737 (Pa.Super. 2024), *appeal denied*, ___ Pa. ___, 336 A.3d 932 (2025) (emphasis added) (quoting *Spencer v. Johnson*, 249 A.3d 529, 566 (Pa.Super. 2021)).

"Replevin is an action to regain possession of property." *Bartlett v. Demich*, 307 A.3d 736, 741 (Pa.Super. 2023) (internal quotation marks and citations omitted).

To be successful in a replevin action, the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question. "Exclusive" right of possession means only a right which excludes the defendant. The plaintiff must show good title and right to possession as against the defendant, but is not required to set up such a title or right as against the whole world.

*Id.* (internal citations and most quotation marks omitted).

"Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *Irish Holdings LLC v. EQT*

*Production Company*, 330 A.3d 455, 457 n.1 (Pa.Super. 2025) (internal citation and quotation marks omitted). "A person may incur liability for conversion by unreasonably withholding possession from one who has the right to it." *PTSI, Inc. v. Haley*, 71 A.3d 304, 314 (Pa.Super. 2013) (internal citation and quotation marks omitted) (emphasis omitted).

Instantly, the Gowartys' trial testimony sought to paint Mr. Freiter as an opportunist, who helped himself to the Gowartys' personal property as soon as the court issued the eviction order. Not surprisingly, Mr. Freiter's testimony shed a different light on the circumstances surrounding the eviction. Regarding the Gowartys' itemized list of missing possessions,[4] Mr. Freiter denied finding anything of value inside the residence and stated, "I've never seen that stuff." (N.T. Trial at 170). Instead, Mr. Freiter claimed that Gowartys left smaller items in the kitchen, "[l]ike glasses in the sink, dirty plates … that kind of stuff in the kitchen." (*Id.*) Mr. Freiter denied finding any antiques inside the residence. (*See id.* at 172). Mr. Freiter also explained that the residence "wasn't a lavish place," and the Gowartys would have had difficulty fitting all the property on their itemized list into the residence. (*Id.*)

Mr. Freiter unambiguously denied using any of the Gowartys' belongings

---

[4] In addition to the attachment to their complaint, the Gowartys submitted a slightly modified, 23-page, handwritten list of missing personal property at trial. (*See* Plaintiff's Trial Exhibit 3). Significantly, the modified list included the value for each item, as estimated by the Gowartys. In total, the Gowartys believed that the purportedly missing items were worth $619,047.

for his own benefit. (**See id.** at 173). When asked whether he attempted to contact the Gowartys to have them retrieve their personalty, Mr. Freiter replied, "Yes. Many times." (**Id.** at 170). Mr. Freiter added:

> I posted a paper on the front door. There were two doors. There was the inside door and the storm door. On the storm door, that got ripped off at some point. So I posted it on the inside door as well.

(**Id.** at 171). Mr. Freiter also testified that he offered to place the contents of the residence into storage:

> I actually offered to pay for storage to which their reply was that they don't have money for a U-Haul. So they can't even do that. They can't hire a U-Haul or people to move their stuff out of the house.

(**Id.**)

Approximately six months after the Gowartys' eviction, Mr. Freiter returned to the residence to make certain repairs. At that time, Mr. Freiter discovered that the unoccupied structure was burglarized:

> [T]he house was broken into. So when I walked into the house, there were many, many damages. The main one was the gas line into the main stove—the heating stove was cut right next to where the pilot is.
>
> *    *    *
>
> So the house froze and all—a lot of the other damages came probably with that. So there were burst pipes. There was water damage everywhere. There were icicles everywhere, including the basement.
>
> Pieces of sheetrock were falling off the ceiling on all the floors.

(**Id.** at 173). Again, Mr. Freiter denied finding any of the Gowartys' items:

- 9 -

> [COUNSEL:] Okay. So when you went back to the home months after the Gowartys got evicted, what did you see regarding … the items that they're claiming they left behind on Exhibit P3?
>
> [WITNESS:] There was a bunch of empty boxes. There was a bunch of garbage bags. Empty. There was a lot of physical damage to the house. As for the items themselves, there was nothing there.
>
> It's as if somebody cleaned out the house.

(***Id.*** at 174).

Here, the parties presented the jury with two different stories regarding the fate of the Gowartys' possessions. The jury opted to credit the testimony of Mr. Freiter, who repeatedly denied taking any of the Gowartys' items. Considering the relevant case law, the trial court correctly determined that the Gowartys were not entitled to a new trial simply because the parties presented conflicting evidence. ***See Constantine, supra***. Absent more, we conclude that the court did not abuse its discretion or commit an error of law in denying the Gowartys' post-trial motions. ***See Heffelfinger, supra***; ***Reott, supra***. Accordingly, we affirm the judgment entered in favor of Mr. Freiter.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2026